UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE FERNANDO VELEZ ZAPATA,

       Petitioner,

v.

       Case No.:  2:26-cv-00916-SPC-DNF

GARRETT RIPA *et al.*,

       Respondents,

_____/

## **OPINION AND ORDER**

Before the Court is Jose Fernando Velez Zapata's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Velez Zapata's reply (Doc. 11).  For the below reasons, the Court grants the petition.

Velez Zapata is a native and citizen of Colombia who entered the United States on February 21, 2023, and was processed for expedited removal.  On April 5, 2023, U.S. Citizenship and Immigration Services found Velez Zapata had a credible fear of returning to Colombia and commenced full removal proceedings by issuing a notice to appear.  On April 14, 2023, Immigration and Customs Enforcement ("ICE") issued a notice of custody determination, stating he will be released under conditions pending a final determination of his removal case.

On May 30, 2025, Velez Zapata was arrested for domestic battery, though the prosecutor later dropped the charges. On May 31, 2025, ICE issued a warrant for arrest and another notice of custody determination, both pursuant to 8 U.S.C. § 1226. ICE executed the warrant and took custody of Velez Zapata on June 4, 2025. Velez Zapata claims his detention violates the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedures Act.

The respondents argue the petitioner is properly detained under § 1225(b)(1) and is not eligible for release on bond because he was initially placed in expedited removal proceedings, then transferred to full proceedings after establishing credible fear. But ICE foreclosed that argument by releasing Velez Zapata after the transfer to full proceedings and repeatedly issuing documents to Velez Zapata indicating that his potential detention was governed by § 1226, including two custody determinations and an arrest warrant. ICE cannot invent a post-hoc justification for its actions after it gets to court. Because Velez Zapata was arrested on a warrant issued under § 1226(a) years after entering the country, § 1226(a) governs his detention.

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

2

The Court will thus order the respondents to either bring Velez Zapata before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Velez Zapata's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Velez Zapata to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Velez Zapata receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jose Fernando Velez Zapata's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Velez Zapata for an individualized bond hearing before an immigration judge or (2) release Velez Zapata under reasonable conditions of

3

supervision. If the respondents release Velez Zapata, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4